116 T.C. No. 28

UNITED STATES TAX COURT

EARL G. HIGBEE AND LESLEY A. HIGBEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14035-99.                    Filed June 6, 2001.


        Ps filed a petition seeking redeterminations of
R's disallowance of several deductions and imposition
of an addition to tax and accuracy-related penalty.
The parties settled most of the issues regarding the
disallowed deductions except one regarding certain
Schedule C deductions.  At trial, Ps claimed additional
deductions on account of a casualty loss, charitable
contributions, unreimbursed employee expenses, and
Schedule C and E expenses that were neither claimed by
Ps on their tax returns nor raised in the notice of
deficiency.  The examination in the instant case took
place after the effective date of sec. 7491, I.R.C., as
amended by the Internal Revenue Service Restructuring
and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112
Stat. 685, 726.

        <u>Held</u>:  Because Ps failed to introduce credible
evidence, Ps failed to meet the requirements of sec.
7491(a), I.R.C., as amended, so as to place the burden
of proof on R for the factual issues relating to the

deductions in issue.

Held, further, to meet his burden of production pursuant to sec. 7491(c), I.R.C., as amended, R must come forward with sufficient evidence indicating that it is appropriate to impose a penalty, addition to tax, or additional amount.

Held, further, R met his burden of production with regard to the addition to tax and accuracy-related penalty.


Earl G. Higbee and Lesley A. Higbee, pro sese.

Erin K. Huss, for respondent.


OPINION

VASQUEZ, Judge:  Respondent determined the following deficiencies in, addition to, and accuracy-related penalty on petitioners' 1996 and 1997 Federal income taxes:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|--------------------------------|----------------------|
| 1996 | $10,796 | $2,669 | -- |
| 1997 | 12,443 | -- | $2,488.60 |

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, we must decide whether petitioners are entitled to the following deductions:  (1) $1,328 for a casualty loss, (2) $6,937.20 for charitable contributions, (3) $6,468.09 for unreimbursed employee expenses, (4) certain amounts paid on

account of a failed business as part of a chapter 13 bankruptcy proceeding, and (5) various expenses related to two rental properties. Finally, we must decide whether petitioners are liable for an addition to tax under section 6651(a)(1) and an accuracy-related penalty under section 6662(a).

### Background

Petitioners contest respondent's determinations with regard to their 1996 and 1997 tax years. In the notice of deficiency, respondent disallowed the following deductions for 1996: (1) A $3,000 capital loss, (2) $57,099 in expenses listed on petitioners' Schedule A, Itemized Deductions, (3) $5,487 in expenses listed on petitioners' Schedule C, Profit or Loss From Business, and (4) $25,811 in expenses listed on petitioners' Schedule E, Supplemental Income and Loss. After concessions, the parties agreed that petitioners are entitled to: (1) The $3,000 capital loss, (2) $7,070 in itemized deductions,[1] (3) $3,567 in Schedule C expenses (with the remainder still in dispute), and (4) the $25,811 Schedule E expenses.

With regard to the 1997 tax year, respondent disallowed the following deductions: (1) A $3,000 capital loss, (2) $41,172 in

---

[1] The parties agreed that petitioners are entitled to deduct the following amounts: (1) $822 for taxes, (2) $1,189 for interest, (3) $1,500 for charitable contributions, (4) $484 for union dues, and (5) $3,075 for unreimbursed employee expenses. We remind the parties that when making their Rule 155 calculations, miscellaneous itemized deductions must be adjusted for the 2-percent floor. See sec. 67.

itemized deductions, and (3) $25,965 in Schedule E expenses.
After concessions, the parties agreed that petitioners are
entitled to:  (1) The $3,000 capital loss, (2) $12,083 in
itemized deductions,[2] and (3) the $25,965 Schedule E expenses.

At trial, the only issue remaining with regard to the notice
of deficiency was whether petitioners were entitled to the $1,920
in Schedule C deductions reported on petitioners' 1996 tax return
and disallowed by respondent.  Petitioners, however, raised new
issues at trial by claiming additional deductions for a casualty
loss, charitable contributions, unreimbursed employee expenses,
and Schedule C and E expenses that were neither claimed on their
returns nor raised in the notice of deficiency.

We combine our findings of fact and opinion under each
separate issue heading.  Some of the facts have been stipulated
and are so found.  The stipulation of facts, the supplemental
stipulations of facts, and the attached exhibits are incorporated
herein by this reference.  At the time petitioners filed their
petition, they resided in Phoenix, Arizona.

---

[2] The parties agreed that petitioners are entitled to
deduct the following amounts:  (1) $3,263 for taxes, (2) $4,531
for charitable contributions, and (3) $4,289 for unreimbursed
employee expenses.  We note that petitioners claimed other
expenses on their Schedule A in the section entitled "Job
Expenses and Most Other Miscellaneous Deductions".  Because
petitioners have not raised any arguments with regard to those
amounts, we treat their failure to raise any assignments of error
as a concession.  See Petzoldt v. Commissioner, 92 T.C. 661, 683
(1989).

## Discussion

I. Disallowed Deductions

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 7491(a), a new provision created by Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726, places the burden of proof on respondent with regard to certain factual issues. Section 7491 applies to examinations commenced after July 22, 1998. See RRA 1998 sec. 3001(c), 112 Stat. 727. The examination in the instant case commenced after July 22, 1998; accordingly, we evaluate whether respondent bears the burden of proof pursuant to section 7491(a).

Section 7491(a)(1) provides that if, in any court proceeding, the taxpayer introduces credible evidence with

respect to factual issues relevant to ascertaining the taxpayer's liability for a tax (under subtitle A or B), the burden of proof with respect to such factual issues will be placed on the Commissioner. For the burden to be placed on the Commissioner, however, the taxpayer must comply with the substantiation and record-keeping requirements of the Internal Revenue Code. See sec. 7491(a)(2)(A) and (B). In addition, section 7491(a) requires that the taxpayer cooperate with reasonable requests by the Commissioner for "witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2)(B). Finally, the benefits of section 7491(a) are unavailable in the cases of partnerships, corporations, and trusts unless the taxpayer meets the net worth requirements of section 7430(c)(4)(A)(ii). See sec. 7491(a)(2)(C).

Respondent argues that because petitioners have failed to meet the requirements of section 7491(a)(1) and (2), the burden of proof should remain with petitioners as to the remaining issue associated with respondent's determination of petitioners' 1996 tax liability. We therefore examine the evidence to establish whether petitioners have presented credible evidence and have met the other requirements of section 7491(a)(1) and (2) so as to place the burden of proof on respondent.

A.  Casualty Losses

Pursuant to section 165(a) and (c)(3), a taxpayer is allowed a deduction for an uncompensated loss that arises from fire, storm, shipwreck, or other casualty.  Section 165(h), however, states that any "loss * * * shall be allowed only to the extent that the amount of the loss to such individual arising from each casualty * * * exceeds $100" and only to the extent that the net casualty loss "exceeds 10 percent of the adjusted gross income".

When property is damaged rather than totally destroyed by casualty, the proper measure of the amount of the loss sustained is the difference between the fair market value of the property immediately before and after the casualty, not to exceed the property's adjusted basis.  See sec. 1.165-7(b)(1), Income Tax Regs.  The fair market values required by the Treasury regulations must generally be ascertained by competent appraisal.  See sec. 1.165-7(a)(2)(i), Income Tax Regs.  As an alternative, the Treasury regulations provide that if the taxpayer has repaired the property damage resulting from the casualty, the taxpayer may use the cost of repairs to prove the casualty loss.  See sec. 1.165-7(a)(2)(ii), Income Tax Regs.  In general, estimates of the cost of repairs are not evidence of the actual costs of repairs unless the repairs are actually made.  See Lamphere v. Commissioner, 70 T.C. 391, 396 (1978); Farber v. Commissioner, 57 T.C. 714, 719 (1972).

Petitioners claim a casualty loss deduction in the amount of $1,328 on account of alleged damage to their home and personal property which was not deducted on their tax return. Mr. Higbee testified that the $1,328 represents the damage to petitioners' property which was not reimbursed by their insurance company but awarded by a small claims court.[3] In support, petitioners provided a form document entitled "Small Claims Complaint/Summons/Answer" which appears to be issued by the Glendale Justice Court in Glendale, Arizona, but which does not bear any type of notation or certification by a governmental official.

In order for section 7491(a) to place the burden of proof on respondent, the taxpayer must first provide credible evidence. The statute itself does not state what constitutes credible evidence. The conference committee's report states as follows:

> Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness). A taxpayer has not produced credible evidence for these purposes if the taxpayer merely makes implausible factual assertions, frivolous claims, or tax protestor-type arguments. The introduction of evidence will not meet this standard if the court is not convinced that it is worthy of belief. If after evidence from both sides, the court believes that the evidence is equally balanced, the court shall find that the Secretary has not sustained his burden of proof. [H. Conf. Rept. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995.]

---

[3] Petitioners assert that the judgment remains unpaid.

Further, the conference report explains the purpose of the
limitations set forth in section 7491(a)(2):

> Nothing in the provision shall be construed to
> override any requirement under the Code or regulations
> to substantiate any item.  Accordingly, taxpayers must
> meet applicable substantiation requirements, whether
> generally imposed[10] or imposed with respect to specific
> items, such as charitable contributions or meals,
> entertainment, travel, and certain other expenses.
> Substantiation requirements include any requirement of
> the Code or regulations that the taxpayer establish an
> item to the satisfaction of the Secretary.  Taxpayers
> who fail to substantiate any item in accordance with
> the legal requirement of substantiation will not have
> satisfied the legal conditions that are prerequisite to
> claiming the item on the taxpayer's tax return and will
> accordingly be unable to avail themselves of this
> provision regarding the burden of proof.  Thus, if a
> taxpayer required to substantiate an item fails to do
> so in the manner required (or destroys the
> substantiation), this burden of proof provision is
> inapplicable.

> *     *     *     *     *     *     *

> [10]See e.g., Sec. 6001 and Treas. Reg. sec. 1.6001-
> 1 requiring every person liable for any tax imposed by
> this Title to keep such records as the Secretary may
> from time to time prescribe, * * *.
> [Id. at 241, 1998-3 C.B. at 995; certain fn. refs.
> omitted.]

Petitioners' evidence does not meet the requirements of
section 7491(a).  Besides the fact that the form document
entitled "Small Claims Complaint/Summons/Answer" does not
actually indicate whether litigation in small claims court was
commenced or completed, the document itself does not qualify as a
competent appraisal or reliable estimate of the cost of any
repairs.  Because petitioners have failed to provide credible

evidence of a casualty loss, the burden of proof as to this issue is not placed on respondent.  Further, for similar reasons regarding our discussion of petitioners' evidence for purposes of section 7491, we conclude that petitioners have not met their burden of proof.  See Rule 142(a).  Consequently, we reject petitioners' claimed casualty loss deduction.

 B.  <u>Charitable Contributions</u>

 Section 170(a)(1) provides that a taxpayer may deduct "any charitable contribution * * * payment of which is made within the taxable year.  A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."  Pursuant to the Treasury regulations, contributions of money are required to be substantiated by canceled checks, receipts from the donee organizations showing the date and amount of the contributions, or other reliable written records showing the name of the donee, date, and amount of the contributions.  See sec. 1.170A-13(a)(1), Income Tax Regs.  Similarly, contributions of property other than money must be substantiated, at a minimum, by a receipt from the donee showing the name and address of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances.  See sec. 1.170A-13(b)(1), Income Tax Regs.  Where it is unrealistic to obtain a receipt, taxpayers must maintain reliable written records of their contributions.

See id.

To substantiate additional charitable contributions of
$6,937.20 for 1996 not previously claimed on their return for
that year, petitioners offered several documents to the Court.
Some of the documents do not have any indication of being
provided by a donee organization but instead appear to have been
generated by petitioners.  Other documents consist of preprinted
forms issued by alleged charitable organizations which
petitioners filled in with the type and number of items donated
and the estimated value of the donation.  In addition,
petitioners submitted checks and receipts which appear to be for
the purchase of goods and services.  Lastly, at trial,
petitioners attempted to buttress their claims by describing the
types of goods allegedly donated.

While the preprinted forms appear authentic, we nevertheless
conclude that petitioners' self-generated receipts and other
documents are not credible evidence of the order necessary to
substantiate the deductions claimed in the instant case.  See
Tokh v. Commissioner, T.C. Memo. 2001-45.  Further, we do not
find petitioners' testimony credible.  We hold that petitioners
have failed to introduce credible evidence to substantiate the
actual items contributed and their fair market values.[4]  See sec.

_____

[4] For instance, on one of the preprinted forms, petitioners
listed a charitable contribution of $700 for "cribs" and $200 for
"baby clothes".  Because petitioners have failed to establish how

7491(a)(1) and (2)(A).  Consequently, the burden of proof is not placed on respondent.  Because petitioners have failed to present us with any credible evidence, they have not met their burden of proof pursuant to Rule 142(a) to support their claimed deductions.  We therefore hold that petitioners are not entitled to a deduction for charitable contributions in excess of the $1,500 that respondent has already allowed.

C.    Unreimbursed Employee Expenses and Schedule C
      and E Expenses

Petitioners argue that they are entitled to a deduction of $6,468.09 for unreimbursed employee expenses instead of the $3,075 deduction returned on their Schedule A for 1996.  Aside from Mrs. Higbee's self-serving testimony at trial that these additional expenses related to her employment at a beauty salon, petitioners have failed to provide us with sufficient and credible evidence for us to rule in their favor.

Petitioners also claim additional Schedule C deductions of $8,087.26 for 1996 and $8,590.48 for 1997 on account of amounts allegedly owed and paid with regard to their failed beauty salon business.  Petitioners contend that they paid these amounts while

they arrived at those fair market values, we are unable to allow such deductions.  Further, petitioners have not produced any other independent and credible evidence indicating that those donations were actually made.

in a chapter 13 bankruptcy proceeding.[5]  In support, petitioners
submitted to the Court a document entitled "Debtor Receipts and
Disbursements Summary" which provides general information about
the deposits made by petitioners with the trustee of the
bankruptcy estate and the disbursements to creditors by the
trustee.  As to the bankruptcy-related expenses claimed,
petitioners have failed to provide us with sufficient credible
evidence that petitioners had outstanding business debts which
were paid while in bankruptcy.  Further, petitioners have failed
to explain the origin of these expenses in sufficient detail for
us to find that these expenses would be allowable for the tax
years in issue.  Petitioners have failed to meet the
substantiation and record-keeping requirements of section
7491(a).  The burden of proof therefore is not placed on
respondent.  Finally, we conclude that petitioners have not met
their burden of proof to support the claimed deductions, and
therefore we sustain respondent's determination as to this issue.
See Rule 142(a).

Petitioners also claim additional Schedule E deductions with
regard to their rental activities for repairs ($5,976.31 for 1996
and $2,080 for 1997), legal expenses ($5,217 for 1996),
automobile expenses ($475.64 for 1996), and insurance ($139 for

---

[5]  The claimed deduction of $8,087.26 for 1996 encompasses
the $1,920 still in dispute with regard to respondent's
deficiency determination.

1996) not previously deducted on their tax returns. Again, we reiterate that petitioners have failed to provide this Court with credible evidence for us to allow petitioners' claims with respect to the disallowed deductions. We therefore reject all of petitioners' contentions as to these issues.

## II.  Addition to Tax and Accuracy-Related Penalty

Under RRA 1998, Congress also enacted a provision, section 7491(c), requiring the Commissioner to carry the "burden of production" in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount (penalties).  Although the statute does not provide a definition of the phrase "burden of production", we conclude that Congress' intent as to the meaning of the burden of production is evident from the legislative history.  The legislative history of section 7491(c) sets forth:

> in any court proceeding, the Secretary must initially come forward with evidence that it is appropriate to apply a particular penalty to the taxpayer before the court can impose the penalty.  This provision is not intended to require the Secretary to introduce evidence of elements such as reasonable cause or substantial authority.  Rather, the Secretary must come forward initially with evidence regarding the appropriateness of applying a particular penalty to the taxpayer; if the taxpayer believes that, because of reasonable cause, substantial authority, or a similar provision, it is inappropriate to impose the penalty, it is the taxpayer's responsibility (and not the Secretary's obligation) to raise those issues.  [H. Conf. Rept. 105-599, supra at 241, 1998-3 C.B. at 995.]

Therefore, with regard to section 7491(c), we conclude that for the Commissioner to meet his burden of production, the

Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty.

The legislative history to section 7491(c), however, also discloses that the Commissioner need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions. In addition, the legislative history indicates that it is the taxpayer's responsibility to raise those issues. We therefore conclude that the taxpayer bears the burden of proof with regard to those issues.

Finally, we note that Congress placed only the burden of production on the Commissioner pursuant to section 7491(c). Congress' use of the phrase "burden of production" and not the more general phrase "burden of proof" as used in section 7491(a) indicates to us that Congress did not desire that the burden of proof be placed on the Commissioner with regard to penalties.[6] See sec. 7491(c). Therefore, once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect.

---

[6] We note that sec. 6665(a)(2) provides that any reference to tax shall be deemed also to refer to penalties. However, the application of sec. 6665(a)(2) is limited by the language "Except as otherwise provided in this title". Considering that limiting language of sec. 6665(a)(2), the reference in sec. 7491(a) to tax liabilities imposed by subtitle A or B (whereas penalties are imposed by subtitle F), and the structure of sec. 7491 as a whole, we believe that Congress intended for sec. 7491(c) (and not sec. 7491(a)) to apply to penalties.

Having described the framework of section 7491(c), we evaluate whether respondent has met his burden of production with regard to the section 6651(a)(1) addition to tax and the section 6662 accuracy-related penalty. We also discuss whether petitioners have presented any evidence which would cause us not to sustain respondent's determinations with regard to the addition to tax and the accuracy-related penalty.

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The amount of the liability is based upon a percentage of the tax required to be shown on the return. See sec. 6651(a)(1). The addition to tax is inapplicable, however, if the taxpayer's failure to file the return was due to reasonable cause and not to willful neglect. See sec. 6651(a)(1). Under section 7491(c), as noted above, the Commissioner bears the burden of production with regard to whether the section 6651(a)(1) addition to tax is appropriate, but he does not bear the burden of proof with regard to the "reasonable cause" exception of section 6651(a).

Respondent determined that petitioners are liable for a section 6651(a)(1) addition to tax with regard to their 1996 tax return. The parties have stipulated that petitioners filed their 1996 return on April 18, 1998, approximately 1 year after it was

due.[7]  Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6651(a)(1) addition to tax is appropriate, unless petitioners prove that their failure to file was due to reasonable cause.

Petitioners have not provided any evidence indicating that their failure to file was due to reasonable cause.  Therefore, an addition to tax of 25 percent of the amount required to be shown as tax on the return is sustained in the instant case.  Because the parties have made several concessions, respondent's original section 6651(a)(1) addition to tax computation must be adjusted to reflect such changes.  As a final matter, we note that there is a discrepancy in the record with regard to petitioners' amount of withholding.[8]  See sec. 6651(b)(1) (providing that the amount required to be shown as tax on the return for purposes of the section 6651(a)(1) addition to tax shall be reduced for timely payments or credits allowed to be claimed on the return).  The parties are asked to consider this discrepancy in their Rule 155 computations.

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax (1) attributable to a substantial understatement of tax or (2)

---

[7]  In addition, the 1996 tax return, which is part of the record, reflects that it was not timely filed.

[8]  Petitioners claimed withholding of $154.46 on their 1996 tax return.  It appears that respondent did not give credit for such withholding in the notice of deficiency.

due to negligence or disregard of rules or regulations. See sec. 6662(b). A substantial understatement of tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. See sec. 6662(d)(1)(A). The understatement is reduced to the extent that the taxpayer has (1) adequately disclosed his or her position and has a reasonable basis for such position or (2) has substantial authority for the tax treatment of the item. See sec. 6662(d)(2)(B). In addition, section 6662(c) defines "negligence" as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" means any careless, reckless, or intentional disregard.

Whether applied because of a substantial understatement of tax or negligence or disregard of the rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant. See id. Further, an honest misunderstanding of fact

or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Remy v. Commissioner, T.C. Memo. 1997-72.

For the 1997 tax year, respondent determined that petitioners are liable for an accuracy-related penalty attributable to a substantial understatement of tax or, in the alternative, due to negligence or disregard of rules or regulations. Petitioners have conceded that they are not entitled to $30,245 in itemized deductions relating to NOL carryovers ($28,036) and certain taxes ($2,209) claimed on Schedule A of their 1997 tax return. With regard to respondent's determination that petitioners were negligent and disregarded rules and regulations, respondent argues that he has met his burden of production under section 7491(c) through petitioners' above concessions, along with evidence in the record indicating that petitioners were experienced in business affairs. Further, respondent contends that because petitioners have failed to introduce any evidence to indicate that they were not negligent, petitioners have failed to meet their burden of proof, which they retain despite the application of section 7491(c).

Respondent has shown that petitioners have failed to keep adequate books and records or to substantiate properly the items in question. Such a failure in the instant case is evidence of negligence. See sec. 1.6662-3(b), Income Tax Regs. Consequently, we conclude that respondent has met his burden of

production for his determination of the accuracy-related penalty based on negligence or disregard of rules or regulations. Additionally, with regard to that determination, petitioners have failed to meet their burden of proving that they acted with reasonable cause and in good faith. We therefore sustain respondent's determination that petitioners are liable for the accuracy-related penalty on the underpayment associated with the disallowed itemized deductions conceded by petitioners.[9]

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[9] Because of respondent's concessions (see <u>supra</u> p. 4), we conclude that the accuracy-related penalty based on a substantial understatement of tax is not applicable as the understatement does not exceed the greater of 10 percent of tax required to be shown on the return or $5,000. See sec. 6662(d)(1).